1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   ISA PLUS, LLC, a Delaware Limited        Case No.:  3:22-cv-01211-JAH-JLB
     Liability Company,
12                                            **ORDER DIRECTING CLERK TO**
                                Plaintiff,    **ENTER DEFAULT**
13
     v.
14
     PREHIRED, LLC, a Delaware Limited        **ECF No. 27.**
15   Liability Company; JOSHUA K.
     JORDAN, an individual; and DOES 1
16   THROUGH 2, inclusive,
17
                                Defendants.
18

19        Defendant   PREHIRED,   LLC,   a   Delaware   Limited   Liability   Company

20   ("Defendant") filed a Notice of Automatic Stay based upon the filing of the bankruptcy

21   petition in the United States Bankruptcy Court for the Southern District of New York.

22   (ECF No. 8).[1]  Pursuant to 11 U.S.C. § 362, Defendant's bankruptcy petition operates as

23   an automatic stay on the instant action.  *See* 11 U.S.C. § 362(a).

24

25

26   _____

27   [1]      The case was transferred on September 27, 2022, from the Southern District of New
     York to the District of Delaware. *In re PREHIRED, LLC, et al.*, Case No. 22-11007 (JTD),
28   ECF No. 32 (Bankr. D. Del. Oct. 26, 2022).

                                          1

1    Plaintiff ISA Plus, LLC, a Delaware Limited Liability Company ("Plaintiff") sought

2    relief from automatic stay from the United States Bankruptcy Court for the District of

3    Delaware, which was subsequently granted in an order dated May 5, 2023.  (Ex. A, ECF

4    No. 23).  Thereafter, Plaintiff filed a Request for Entry of Default pursuant to Federal Rule

5    of Civil Procedure 55(a)[2] against Prehired, LLC, based upon Defendant's failure to retain

6    counsel and file a notice of appearance by the Court ordered deadline of March 31, 2023.

7    (ECF No 27 at 1).

8    As a corporation, Defendant must be represented by counsel.  *See Rowland v.*

9    *California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

10   Accordingly, entry of default is appropriate when a corporation fails to appoint counsel to

11   act on its behalf and it intentionally fails to participate in the action or comply with court

12   orders.  *See United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th

13   Cir. 1993) (per curiam) (finding entry of default judgment is "perfectly appropriate" when

14   plaintiff failed to obey a court order to retain counsel); *see also Price Simms Holdings,*

15   *LLC v. Candle3*, LLC, No. 2:18-cv-1851-WBS-KJN, 2020 WL 4227480 (E.D. Cal. Jul.

16   30, 2020).  As such, based on Defendant's failure to "otherwise defend" this action by

17   retaining counsel, the Court finds entry of default pursuant to Rule 55(a) is appropriate.

18   Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to enter default

19   against Defendant Prehired, LLC.

20   **IT IS SO ORDERED.**

21   DATED: June _, 2023

22

23   _____

24   JOHN A. HOUSTON
     UNITED STATES DISTRICT JUDGE

25

26

27   [2]    Federal Rule of Civil Procedure 55(a) provides that a clerk must enter a default

28   "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead
     or otherwise defend[.]"  Fed. R. Civ. P. 50(a).