UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISA PLUS, LLC, a Delaware Limited Liability Company,<br><br>         Plaintiff,<br><br>v.<br><br>PREHIRED, LLC a Delaware Limited Liability Company; JOSHUA K. JORDAN, an individual; and DOES 1 THROUGH 2, inclusive,<br><br>         Defendants. | Case No.: 3:22-cv-01211-JAH-JLB<br><br>**SUPPLEMENTAL ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT PREHIRED, LLC**<br><br>**(ECF No. 38)** |

  Pending before the Court is Plaintiff ISA Plus, LLC ("Plaintiff") supplemental brief in support of the motion for default judgment. ("Mot.," ECF No. 86). On July 21, 2023, Plaintiff filed an unopposed motion for default judgment against Defendant Prehired, LLC ("Defendant"). On January 16, 2024, the Court granted the motion as to Plaintiff's intentional misrepresentation, fraudulent concealment, and breach of contract claims. (ECF No. 83). The Court denied the motion's request for damages and prejudgment interest, finding that Plaintiff had not provided sufficient evidence to support the requested damages. (*Id.* at 10-11). The Court ordered Plaintiff to file a supplemental brief to prove-up damages.

# BACKGROUND[1]

On July 1, 2022, Plaintiff filed a complaint in the Superior Court of the State of California County of San Diego – Central Division, against Defendants Joshua K. Jordan, an individual, and Prehired, LLC, (collectively, Defendants) alleging (1) intentional misrepresentation; (2) negligent misrepresentation; (3) concealment; (4) breach of contract; and (5) breach of implied covenant of good faith and fair dealing. ("Compl.", ECF No. 1-2 ¶¶ 42-71, Ex. A). Plaintiff asserts that Defendants disregarded their contractional undertakings, and committed fraudulent and negligent misrepresentations in obtaining, and improperly retaining, the ill-begotten funds of Plaintiff. (*Id.* at ¶ 1). Defendants removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Defendants entered into Income Share Agreements with customers who were interested in financing the cost of Defendants' services. (*Id.* at ¶ 2). Defendants then sold those contracts to Plaintiff pursuant to a Forward Purchase Agreement subject to various terms, conditions, and warranties. (*Id.*) Plaintiff alleges that it was both expressly represented and basically understood that these purchased income share agreements were "supposed to be due and owing, performing, valid, binding, enforceable, and legal." (*Id.* at ¶ 3). Defendants failed to perform their obligations pursuant to the Forward Purchase Agreement, despite a written demand from Plaintiff. (*Id.* at ¶ 5). Plaintiff thereafter initiated the instant action.

On September 27, 2022, Defendant Prehired filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. (ECF No. 8 at 1). Defendant thereafter filed a notice of automatic stay of the instant action pursuant to 11 U.S.C. § 362. (*Id.*) On February 3, 2023, John J. Keenan, former counsel for Defendants, filed a motion to withdraw as counsel of record, which was subsequently granted. (ECF Nos. 12, 18).

---

[1] The facts set forth are taken from this Court's Default Judgment Order.

Defendant Prehired was warned a corporation may not proceed without counsel and was afforded time to retain representation. (Minute Entry, Mar. 22, 2023, ECF No. 18). Prehired failed to file an appearance of counsel by the deadline imposed by the Court, and ceased participating in this litigation. On June 1, 2023, Plaintiff filed a Notice of Entry of Order Granting Relief From Automatic Stay Against Debtor/Defendant Prehired, LLC, stating that the U.S. Bankruptcy Court for the District of Delaware granted Plaintiff relief from the automatic stay, and requested the clerk enter default against Defendant Prehired. (ECF Nos. 23, 27). The clerk entered default on June 23, 2023, and Plaintiff thereafter filed an unopposed motion for default judgment against Defendant Prehired. (ECF No. 32). As stated above, the Court granted the motion as to Plaintiff's intentional misrepresentation, fraudulent concealment and breach of contract claims, but denied the motion's request for damages and prejudgment interest. (*See* ECF No. 83).

## LEGAL STANDARD

The power to grant a default judgment is within the broad discretion of the trial court. *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The procedure for obtaining default judgment under Federal Rule of Civil Procedure is a two-step process. At the first step, a party may seek the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 50(a). Generally, once default is entered, the well-pleaded factual allegations in the complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

At step two, the court examines the following factors on a motion for default judgment: (1) prejudice to the plaintiff, (2) merits of the substantive claim, (3) sufficiency of the complaint, (4) sum of money at stake, (5) possibility of a dispute on material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-71 (9th Cir. 1986). Though well-pleaded allegations in the complaint are accepted as true, "necessary facts not contained in the

pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992). The court has discretion in granting or denying an application for default judgment. *Id.* at 1471.

## DISCUSSION

Because the Court determined that default judgment is appropriate as to Plaintiff's intentional misrepresentation, fraudulent concealment and breach of contract claims, the sole issue remaining is damages.

Plaintiff seeks damages in the amount of $2,643,068.09, reflecting "actual, out of pocket losses[,]" and omitting "certain adjustments previously requested, such as pre-judgment interest and cap adjustments." (Mot. at 1, 7). In order to prove-up damages, Plaintiff provides a payment report from Meratas, Inc., servicer for Plaintiff's portfolio. (Declaration of Jeffery L. Bernstein, ECF No. 86-1, ¶ 2). "Meratas also worked with Prehired to implement its [income share agreement] program and originate the [income share agreements] that [Plaintiff] later purchased from Prehired." (*Id.*) The motion and Mr. Bernstein's declaration explains how Meratas provides the data points needed to determine damages: "(i) identification of the defaulted [income share agreements] to be "Put Back" or repurchased; (ii) the amount [Plaintiff] paid Prehired for the defaulted [income share agreements]; and (iii) the money, if any, [Plaintiff] received on the [income share agreement] before it defaulted." (Mot. at 3). The Court finds the motion and the Bernstein declaration supports the damages requested.

///
///
///
///
///
///
///
///

## CONCLUSION

For the reasons discussed above and in the Court's default judgment order, the Court **ORDERS** judgment entered in favor of Plaintiff ISA Plus, LLC, against Defendant Prehired, LLC, in the amount of $2,643,068.09.

**IT IS SO ORDERED.**

DATED: April 4, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE