UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISA PLUS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PREHIRED LLC, a Delaware Limited Liability Company; JOSHUA K. JORDAN, an individual; and DOES 1 THROUGH 2, inclusive<br><br>　　　　　　　　　　Defendants. | Case No.:  3:22-cv-01211-JAH-JLB<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 93]** |

Pending before this Court is Defendant Joshua K. Jordan's Motion for Leave to File an Amended Complaint. ECF No. 93 (the "Motion" or "Mot."). After the resolution of his motion for summary judgment, [see ECF No. 92], Jordan seeks leave to amend his complaint to file a third-party complaint against Strategic Education Loan Fund, LLC ("SELF") and Jeffrey Bernstein ("Bernstein"), and a Counterclaim against ISA Plus, LLC ("ISAP").

Federal Rule of Civil Procedure 16 applies to a motion for leave to amend a complaint after the scheduling order is filed. Fed. R. Civ. P. 16. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 "good cause" standard is "more stringent" than the liberal amendment procedures prescribed by Rule 15(a) and considers whether the party

seeking the amendment has been diligent. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Advisory Committee Notes to Rule 16 explain that the "[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment.

In determining whether a party has been diligent under Rule 16's "good cause" standard, courts within the Ninth Circuit ask whether the moving party has shown the following three factors: (1) diligence in helping the Court create a workable Rule 16 order; (2) noncompliance with a Rule 16 deadline occurred or will occur, despite the moving party's diligent efforts to comply, because of the development of matters not reasonably foreseeable or anticipated at the time of the Rule 16 scheduling conference; and (3) diligence in seeking amendment of the Rule 16 order, once it was apparent the moving party could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted); *Verdandi VII, Inc. v. Accelerant Specialty Ins. Co.*, 2024 WL 239093, at *5 (S.D. Cal. Jan. 22, 2024). In assessing diligence, courts focus on "the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading." *San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*, 2017 WL 6344816, at *5 (S.D. Cal. Dec. 12, 2017) (citing *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002)). If the party seeking the extension "was not diligent, the inquiry should end" and the motion to amend should be denied. *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). While prejudice to the non-moving party is not required, it can further support a court's decision to deny a motion to amend the complaint. *San Diego Ass'n of Realtors, Inc.*, 2017 WL 6344816, at *5 (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)). As is the case here, a motion seeking to amend pleadings is governed first by Rule 16(b), then secondarily by Rule 15(a).

Jordan fails to discuss the applicable legal standards and he does not attach the entirety of the proposed amended complaint and counterclaim, but seeks "10 days from the date of this motion to file the final versions of the proposed Third-Party Complaint and Counterclaim[.]" Mot. at 3.  Jordan also failed to obtain a motion hearing date prior to filing the instant motion, [CivLR 7.1.b.], and is reminded to familiarize himself with the Civil Local Rules and the Federal Rules of Civil Procedure.  Accordingly, Jordan's motion is **denied** without prejudice.

    **IT IS SO ORDERED.**

DATED: October 3, 2024

                                                            _____
                                                             JOHN A. HOUSTON
                                                             UNITED STATES DISTRICT JUDGE