UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISA PLUS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PREHIRED, LLC; JOSHUA K. JORDAN,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01211-JAH-JLB<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING TO DETERMINE APPLICABLE LAW** |

On March 24, 2025, Defendant Joshua K. Jordan filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, claiming complete diversity does not exist among the parties. ECF No. 95 ("Motion"). On April 23, 2025, Plaintiff ISA Plus, LLC, filed a Response in Opposition. ECF No. 97. Jordan subsequently filed a Reply on April 28, 2025. ECF No. 98.

Jordan originally removed this case to federal court based on diversity jurisdiction. *See* ECF No. 1. Jordan now claims Santhosh Sukumar, a California citizen, is a member of Prehired, LLC, and therefore destroys complete diversity. This claim is based on a Simple Agreement for Future Equity ("SAFE") between Jordan and Sukumar, which Jordan attached to his Motion as Exhibit A. *See* ECF No. 95-1. Jordan claims this SAFE contract granted Sukumar equity in Prehired, LLC, before the case was removed to federal

court, which would make him a member of the LLC and destroy diversity. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006) (holding "LLCs have the citizenship of all of their owners/members"). To determine whether Sukumar was indeed a member of Prehired, LLC, the Court must interpret the meaning of the SAFE contract. However, neither party has presented any information to suggest which state's laws govern the interpretation of this contract.

In diversity cases, courts "apply the substantive law of the forum in which the court is located, including the forum's choice of law rules." *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015) (quoting *Ins. Co. of N. Am. v. Fed. Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999)). California has two approaches for determining the law governing a contract depending on whether the contract has a choice-of-law provision.

When a contract contains a choice-of-law provision, "California follows the approach set out in the Restatement (Second) of Conflicts of Laws § 187 to determine the law that applies[.]" *Id*. Under this approach, "the court begins its analysis by determining 'whether the chosen state has a substantial relationship to the parties or their transaction, or … whether there is any other reasonable basis for the parties' choice of law.'" *Id*. (quoting *Washington Mut. Bank, FA v. Superior Court*, 24 Cal.4th 906, 916 (2001)). If this first issue is satisfied, then courts determine "whether California would 'be the state of the applicable law in the absence of an effective choice of law by the parties." *Id*. Finally, "[i]f the chosen forum has a substantial relationship to the parties or their transaction but California law would apply in the absence of a choice-of-law provision, the court finally determines whether California has a "'materially greater interest than the chosen state in the determination of the particular issues….'" *Id*. (quoting *Wash. Mut. Bank, FA*, 24 Cal.4th at 917).

However, when a contract does not contain a choice-of-law provision, California applies the factors set out in the Restatement (Second) of Conflict of Laws § 188, directing courts to consider: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e)

the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id*. at 1154.

The Court requires supplemental briefing from the Parties to determine which state's laws govern the interpretation of the SAFE contract, and therefore, whether complete diversity exists. Accordingly, IT IS HEREBY ORDERED:

1. Defendant Joshua K. Jordan shall file supplemental briefing no later than June 20, 2025, providing the Court with the information it needs, as described above, to determine the applicable law governing the SAFE contract.

2. Plaintiff may file a response, if any, no later than June 27, 2025.

**IT IS SO ORDERED.**

DATED: June 12, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE